In re SOUTHERN OREGON MORT-GAGE, INC.; the Bay Company, an Oregon corporation; REO Holding, Inc.; Gold Key Properties, Inc., Debtors.

Eric R.T. ROOST, Trustee, Plaintiff,

v.

Hazel C. NEWPORT, Defendant.

Bankruptcy Nos. 689–60581–R7, 689–60580–R7, 689–60579–R7 and 689–60578–R7.
Adv. No. 690–6139–R.

United States Bankruptcy Court, D. Oregon.

April 5, 1991.

Douglas R. Schultz, Cass, Scott, Woods & Smith, Eugene, Or., for plaintiff.

Robert A. Smejkal, Eugene, Or., for defendant.

Harold D. Gillis, Eugene, Or., amicus curiae.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the plaintiff's motion for summary judgment. All statutory references herein are to the Bankruptcy Code, Title 11 U.S.C. unless otherwise indicated.

## PROCEDURAL BACKGROUND

On February 27, 1989, an involuntary Chapter 7 bankruptcy petition was filed against the debtor, an order for relief was entered herein on July 14, 1989.

The plaintiff is the Chapter 7 trustee in this consolidated involuntary proceeding of Southern Oregon Mortgage, Inc., The Bay Company, REO Holding Company, Inc., and Gold Key Properties, Inc. He filed his complaint herein on May 4, 1990 against the defendant, a creditor of Gold Key Properties, Inc. (Gold Key) to avoid, under § 544, an asserted security interest on behalf of the defendant in a promissory note and trust deed. The defendant answered the complaint and filed a counterclaim alleging that the security interest is duly perfected and constitutes a valid security interest in and lien upon the promissory note and trust deed in question.[1]

## FACTS

The facts in this case are undisputed, they are as follows:

On September 15, 1986, David L. Taylor executed a promissory note in the amount of $36,000, payable to Gold Key. He also executed, as grantor, a trust deed in favor of Gold Key, as beneficiary, to secure payment of that promissory note. (The Taylor–Gold Key note and trust deed). The Taylor–Gold Key trust deed was recorded in the Douglas County, Oregon, deed records on September 15, 1986.

On October 5, 1987, Gold Key executed a promissory note in the principal amount of $17,847.96 payable to the defendant. In order to secure payment of this note, Gold Key executed an "Assignment for Collateral Security" which purportedly granted the defendant a security interest in the Taylor–Gold Key note and trust deed. The "Assignment for Collateral Security" was recorded in the deed records of Douglas County on October 19, 1987.

The defendant does not contend that she has ever had possession of the original

---

1. With the permission of this court Richard D. Dicob, who asserts that he is similarly situated to the defendant herein, filed an amicus curiae legal memorandum opposing the plaintiff's motion for summary judgment.

Taylor–Gold Key note or trust deed. Plaintiff, in his affidavit in support of motion for summary judgment, asserts that he has had possession of the Gold Key loan files, including the Taylor–Gold Key note and trust deed, since shortly after the entry of an order for relief in this case. It appears, by implication, that the debtor had possession of the Taylor–Gold Key note and trust deed on the date the petition was filed herein, February 27, 1989.

## ISSUE

The sole question before this court is whether the defendant holds a valid and perfected security interest in the Taylor–Gold Key note and trust deed.

The trustee argues, that under Oregon law, the Taylor–Gold Key note and trust deed are considered "instruments" when used to secure payment of the October 5, 1987 note. Once 21 days have passed after the time the security interest is granted, the only way a secured party can perfect a security interest is to retain possession of the original note and trust deed. Here, the defendant did not possess the note and trust deed at the time the bankruptcy petition was filed; her security interest is, therefore, unperfected and the plaintiff may use his strong-arm powers under § 544 to avoid it.

The defendant argues, that under Oregon law, the Taylor–Gold Key note and trust deed are not instruments because a writing which itself is a security interest cannot be an "instrument". Accordingly, her security interest in them was perfected when she recorded the "Assignment for Collateral Security" in the Douglas County Deed records.

Richard D. Dicob, relying heavily upon *Security Bank v. Chiapuzio*, 304 Or. 438, 747 P.2d 335 (1987) maintains that the defendant's recording of the "Assignment for Collateral Security" provides constructive notice of her security interest to the plaintiff. In addition, he contends that the plaintiff cannot be a judicial lien creditor against the Taylor–Gold Key note and trust deed. In order to obtain a judicial lien

upon these documents, the trustee would have to levy upon them by execution.

## DISCUSSION

 Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056, provides that summary judgment shall be rendered if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *In re R & T Roofing Structures and Commercial Framing, Inc.*, 887 F.2d 981 (9th Cir.1989). Where the parties agree on all of the material facts relevant to the issue raised by the motion for summary judgment, the case can be resolved as a matter of law, and summary judgment is the proper procedural device. *Ferguson v. Flying Tiger Line, Inc.*, 688 F.2d 1320 (9th Cir.1982); *Smith v. Califano*, 597 F.2d 152 (9th Cir.1979).

The plaintiff, as trustee, obtains his status as a judicial lien creditor pursuant to § 544(a) which provides, in pertinent part as follows:

(a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee or of any creditor,* the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, *an execution against the debtor that is returned unsatisfied* at such time, whether or not such a creditor exists; or ... (emphasis added)

"The extent, however, to which the plaintiff may utilize the powers conferred by

§ 544 to avoid transfers of property of the debtor or obligations incurred by the debtor is governed by state law. See *In re Cox*, 68 Bankr. 788 (Bankr.D.Or.1987)." *In re Gold Key Properties, Inc.*, 119 B.R. 787, 789 (Bankr.D.Or.1990). In Oregon, the holder of an unperfected security interest has rights subordinate to the rights of a person who becomes a judicial lien creditor (even a judicial lien creditor with notice) before the security interest is perfected. O.R.S. 79.3010(1) and (4) provide (in part) as follows:

> (1) ... [A]n unperfected security interest is subordinate to the rights of:
>
> \* \* \* \* \* \*
>
> (b) A person who becomes a lien creditor before the security interest is perfected.
>
> \* \* \* \* \* \*
>
> (4) A "lien creditor" means ... a trustee in bankruptcy from the date of the filing of the petition....

**The Taylor–Gold Key note and trust deed are instruments:**

■ It is clear to this court that under Oregon law a trust deed is an instrument when it is assigned for collateral security purposes. *In re Staff Mortgage & Investment Corp.*, 625 F.2d 281 (9th Cir.1980); *In re Bruce Farley Corp.*, 612 F.2d 1197 (9th Cir.1980); *In re Columbia Pacific Mortgage, Inc.*, 22 B.R. 753 (Bankr.W.D. Wash.1982) (applying Oregon law). It is also clear to this court (and the defendant has not contended otherwise) that a promissory note is an instrument. The pertinent Oregon statutes are as follows:

> O.R.S. 79.1050(1)(i) provides that:
>
> "Instrument" means a negotiable instrument as defined in O.R.S. 73.1040, or a certificated security as defined in O.R.S. 78.1020 or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment.
>
> O.R.S. 79.3040(1) provides (in part) that:
>
> ... A security interest in money or instruments (other than certificated securities or instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in subsections (4) and (5) of this section and O.R.S. 79.3060(2) and (3) on proceeds.
>
> O.R.S. 79.3040(4) provides that:
>
> A security interest in instruments (other than certificated securities) or negotiable documents is perfected without filing or the taking of possession for a period of 21 days from the time it attaches to the extent that it arises for new value given under a written security agreement.
>
> O.R.S. 79.3050 provides (in part) that:
>
> A security interest in letters of credit and advices of credit as provided in O.R.S. 75.1160(2)(a), goods, instruments (other than certificated securities), money, negotiable documents or chattel paper may be perfected by the secured party's taking possession of the collateral....

The facts in *In re Staff Mortgage & Investment Corp., supra.* are similar to the facts in this case. Staff Mortgage and Investment Corp. (Staff) would borrow money and execute its note to evidence the loan. In order to secure the loan, Staff would pledge one or more promissory notes secured by trust deeds that Staff had in its inventory. The promissory notes and trust deeds were assigned to the lenders by way of a "Collateral Assignment of Note" and a "Corporation Assignment of Deed of Trust". The assignments of the deeds of trust were recorded in the real property records where the real property was located, but the documents (except the note from Staff to its lender) were retained by Staff. After Staff filed bankruptcy, the trustee contended that the assignments of the notes and trust deeds were unperfected. The Court of Appeals agreed with the trustee. It found that ...

> (1) the collaterals, notes secured by deeds of trust, used to secure Staff's promissory notes to the plaintiff were "instruments" under the California Commercial Code; (2) the failure of the plain-

tiffs to take possession of the collaterals caused the security interests to be unperfected under California Commercial Code § 9304(1)[2]; and (3) thus the trustee in bankruptcy took the collaterals free and clear of the plaintiffs' claims.

*In re Staff Mortgage & Investment Corp.,* 625 F.2d at 283.

In *In re Columbia Pacific Mortgage, Inc., supra.,* Columbia Pacific Mortgage, Inc. (CPM) loaned money to one Backus and received, in return a note and deed of trust from Backus. CPM, in turn, borrowed money from First National Bank of Oregon (FNB) and assigned the Backus note and trust deed to FNB in order to secure the bank loan. In that case, FNB took possession of the Backus note and trust deed but did not record any assignment of the trust deed. In addition, FNB did not give notice of the assignment to Backus. Later, the Johnstones purchased the real property which was the subject of the Backus trust deed and the title insurance company/escrow agent paid CPM, at closing, to satisfy the Backus trust deed encumbrance. CPM did not forward the payment to FNB. The Johnstones brought an action seeking a declaratory judgment that the encumbrance had been satisfied and requiring conveyance of the deed of trust. The Johnstones argued that they did not have constructive or actual notice of FNB's interest because the bank did not record the Backus trust deed. The bankruptcy court disagreed. Looking to Oregon law (as required by the language of the note), it said:

It is clear that by possession of the note and deed of trust, FNB had a perfected security interest in the Backus–CPM loan . . .

FNB, in fact, had done everything required by the Oregon Uniform Commercial Code to perfect its security interest and was not legally required to record. Such a recording may or may not have given constructive notice; but as a means of perfection, it would have been meaningless.

22 B.R. at 755.

It is, thus, clear that the Taylor–Gold Key note and trust deed are instruments and that the defendant would have been required to have possession of these documents on the date the petition was filed herein in order to perfect her interest. "The debtor cannot qualify as an agent for the secured party for the purpose of perfection." *In re Bruce Farley Corporation,* 612 F.2d at 1200. Since the defendant did not have possession of the Taylor–Gold Key note and trust deed on the date of the filing of the petition, herein, the defendant's security interest therein was unperfected.

## TRUSTEE'S AVOIDANCE POWER

■ Richard D. Dicob asserts, in his amicus brief, that since Oregon law requires that the plaintiff levy execution upon the note and trust deed, plaintiff does not have a judicial lien upon these documents. Such an argument overlooks the express provisions of § 544(a)(2), *supra,* and O.R.S. 79.-3010(4) *supra.* These statutes clearly provide that the plaintiff's lien is superior to the unperfected security interest of the defendant in the Taylor–Gold Key note and trust deed.

Although, as Dicob contends, the recording of the assignment for collateral security may have provided some notice to the plaintiff of the defendant's asserted security interest, since the defendant's security interest was not properly perfected, such notice is ineffective as against the plaintiff's lien creditor status. *In re Gold Key Properties, Inc.,* 119 B.R. 787 (Bankr.D.Or. 1990).

## CONCLUSION

Based upon the foregoing, the plaintiff-trustee, exercising his avoidance powers

---

**2.** Section 9304 of the California Uniform Commercial Code is nearly identical to its Oregon counterpart, O.R.S. 79.3040(1), and provides in part as follows:

. . . A security interest in money or instruments (other than certificated securities or instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in subsections (4), (5) and (7) of this section and subdivisions (2) and (3) of Section 9306 on proceeds.

contained in § 544(a), may avoid the defendant's asserted security interest in the Taylor–Gold Key note and trust deed which security interest is therefore preserved for the benefit of the estate, herein pursuant to § 551. There is no genuine issue as to any material fact and plaintiff's motion for summary judgment should be granted.

This memorandum opinion contains the court's findings of fact and conclusions of law; they shall not be separately stated. An order consistent herewith shall be entered.